**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOHN A. UPHOFF-FIGUEROA<br><br>  Plaintiff,<br>            v.<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY, ET AL.,<br><br>       Defendants. | Civ. No. 03-1509(PG) |

**OPINION AND ORDER**

Before the Court is the Puerto Rico Electric Power Authority's ("PREPA") Motion to Dismiss (Docket No. 167). PREPA moves to dismiss plaintiff's Fair Labor Standards Act ("FLSA") claim arguing that he has failed to state a claim under the Act inasmuch as the amended complaint lacks the necessary factual allegations to establish a retaliation claim against PREPA under the FLSA. Additionally, PREPA moves to dismiss the supplemental law claims since the pending federal question which confers subject matter jurisdiction upon the Court over PREPA is plaintiff's FLSA claim. For the following reasons, the Court **GRANTS** PREPA's motion[1]. (Docket No. 167.)

**DISCUSSION**

### I. Rule 12(b)(6) standard[2]

When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000). A complaint should not be dismissed unless it appears beyond any doubt

---

[1] On November 18, 2005, the Court issued an Opinion and Order (Docket No. 139) dismissing several claims against the defendants. (See Docket No. 140.) The remaining claims are: (1) the retaliation for political reasons claim against co-defendants Hector Alejandro ("Alejandro"), and Nitza Vazquez-Rodriguez ("Vazquez"); (2) the Fourteenth Amendment Equal Protection Claim against co-defendants Vazquez and Alejandro; (3) the supplemental law claims; and the Fair Labor Standards Act claim pursuant to 29 U.S.C. §215(a)(3)and 216. For a detailed recount of the factual allegations and procedural background of the case, see this Court's November 18, 2005 Opinion and Order, Docket No. 139.

[2] Defendant PREPA has answered the Amended Complaint (Docket No. 92), and therefore, its motion is actually a motion for judgment on the pleadings pursuant to Rule 12(c). Nevertheless, the standard of review is identical to the Rule 12(b)(6) standard. See Scheuer v. Rhodes, 416 U.S. 232, 236-237 (1974).

that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". Zeus Projects Limited v. Pérez & Cia, 187 F.R.D. 23, 26 (D.P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988). The Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

## II. Retaliation claim under the FLSA, 29 U.S.C. §215(a)(3)

The anti-retaliation provision of the FLSA provides as follows:

> [I]t shall be unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding....

29 U.S.C. § 215(a)(3). To prevail in a retaliation claim under the FLSA plaintiff must show, "at a minimum, ... that (1)[he] engaged in a statutorily protected activity, and (2) his employer thereafter subjected him to an adverse employment action (3) as a reprisal for having engaged in protected activity. Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 102-103 (1st Cir. 2004)(citing Blackie v. Maine, 75 F.3d 716, 722 (1st Cir.1996)). "[T]he assertion of statutory rights ... by taking some action adverse to the company ... that is the hallmark of protected activity under § 215(a)(3)." Claudio-Gotay, 375 F.3d at 102 (citations omitted).

## III. Analysis

The only allegation in the amended complaint regarding the FLSA claim reads as follows: "**Plaintiff John Uphoff-Figueroa further requests reclassification and promotion; payment of wages and benefits lost; and an additional amount as liquidated damages, plus attorneys fees and costs for**

**violation of the Fair Labor and Standard Act, 29 USC §215 (a) (3) and as provided for in 29 USC § 216.**" (Amended Complaint, Docket No. 75, at 3 ¶4.) Clearly, this general assertion falls short of the requirements needed to establish a retaliation claim under the FLSA.

The central issue of any retaliation claim under the FLSA is whether plaintiff engaged in a statutorily protected activity that triggers the protection of 29 U.S.C. § 215(a)(3). "Congress enacted the FLSA in 1938 as a remedial statute because the free market failed to adequately protect workers from exploitive conditions. 29 U.S.C. § 202(b)." De Jesus Rentas v. Baxter Pharmacy Services Corp., 286 F.Supp.2d 235, 238 (D.P.R. 2003). The FLSA's expressed intent "is to eliminate 'labor conditions detrimental to the minimum standard of living necessary for the health, efficiency, and general well-being of workers'." De Jesus Rentas, 286 F.Supp.2d at 238 (citing 29 U.S.C. § . 202(a); S.Rep. No. 75-884, at 3-4 (1937); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706-707 n. 18 (1945). As a general rule, the FLSA establishes that employees must be compensated at a rate not less than one and one-half times their regular rate for all overtime hours. 29 U.S.C. § 207(a)(1). The Act further defines overtime as employment in excess of 40 hours in a single workweek. Id. FLSA's provisions, however, do not apply to all types of employees like for example "... any employee employed in a bona fide executive, administrative, or professional capacity . . . (as such terms are defined and delimited from time to time by regulations of the Secretary)." 29 U.S.C. § 213(a)(1).

Even assuming that the FLSA's provision apply to plaintiff's position within PREPA, a detailed review of the complaint reveals plaintiff has failed to allege how he engaged in a protected activity under the FLSA and that as a result, PREPA subjected him to an adverse employment action. As defendant argues, the complaint does not include a single allegation that plaintiff participated in any of the activities protected by the FLSA.

For example, plaintiff does not claim that he has filed a complaint within PREPA or in any court or administrative agency or any other forum related to the FLSA provisions. Neither does he claim that he testified or was about to testify in any such proceeding. Indeed, the complaint is simply devoid of allegations to sustain that PREPA violated the FLSA's minimum wage

and overtime provisions, that plaintiff complained, testified or instituted a proceeding against PREPA for such alleged violations and that as a result, PREPA retaliated against him. In a nutshell, plaintiff's amended complaint lacks the necessary factual allegations to establish a retaliation claim against PREPA under the FLSA.

Plaintiff insists however, that his FLSA claim should not be dismissed because complaints alleging employment discrimination need only satisfy "the simple requirements of Rule 8(a)[3]" see Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), which he avers his complaint does. (See Response in Opposition to Motion to Dismiss, Docket No. 175.)

The Court agrees that "notice pleading imposes minimal requirements on the pleader--but minimal requirements are not the same as no requirements at all." Gooley, 851 F.2d at 514. Recently the First Circuit Court of Appeals reiterated that "plaintiffs' pleading must 'at least set forth minimal facts as to who did what to whom, when, where, and why'." Aponte-Torres v. University Of Puerto Rico, 445 F.3d 50, 57 (1st cir. 2006)(quoting Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Even reading the amended complaint in the light most favorable to plaintiff, as to the FLSA claim, it clearly fails to surpass even this relatively low bar. See Aponte-Torres, 445 F.3d at 57.

Plaintiff's amended complaint contains only one general and bald assertion which fails to show that he is entitled to relief and does not put defendant on notice of what his claim is and the grounds upon which it rests. "That degree of extreme generality renders the amended complaint susceptible to dismissal." Aponte-Torres, 445 F.3d at 56; see also Conley, 355 U.S. at 47. Accordingly, plaintiff's FLSA claim is hereby DISMISSED WITH PREJUDICE.

**IV. Supplemental Law Claims**

Under 28 U.S.C. § 1367, a "district court may decline to exercise supplemental jurisdiction" if it "has dismissed all claims under which it has

---

[3] Fed. R. Civ. P. (8)(a) states in pertinent part:

> "A pleading which sets forth a claim for relief, ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

original jurisdiction." 28 U.S.C. § 1367(c); see Gonzalez-De-Blasini v. Family Dept., 377 F.3d 81, *89 (C.A.1 (Puerto Rico),2004); Claudio-Gotay, 375 F.3d at 104. Usually, when all federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998)("Certainly, if the federal claims are dismissed before trial, . . ., the state claims should be dismissed as well."); Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir.1995)("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit ... will trigger the dismissal without prejudice of any supplemental state-law claims"). Indeed, when "all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." Doral Mortg. Corp., 57 F.3d at 1177(quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7 (1988).

Having dismissed plaintiff's federal action against PREPA, the Court **DISMISSES WITHOUT PREJUDICE** plaintiff's supplemental law claims against PREPA[4].

## **CONCLUSION**

WHEREFORE, the Court **GRANTS** PREPA's motion to dismiss (Docket No. 167.) All pending claims against PREPA have been hereby dismissed, therefore, PREPA shall be terminated. Partial Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 7, 2006.

                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE

---

[4] Although the federal action has been dismissed with prejudice, plaintiff is at liberty to bring his unadjudicated claim before the Commonwealth courts. See Gonzalez-De-Blasini v. Family Dept., 377 F.3d 81, 89 (1st Cir. 2004).